UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE GARCIA-GALIANA,<br><br>Defendant. | Case No. 15-CR-00110-LHK-1<br><br>**ORDER REGARDING APPLICATION OF "CRIME OF VIOLENCE" PROVISION TO DEFENDANT'S ASSAULT WITH A DEADLY WEAPON CONVICTION** |

On March 2, 2016, the Government and Defendant filed sentencing memorandums in advance of Defendant's March 9, 2016 sentencing. ECF No. 21 ("Gov't Mem."); ECF No. 22 ("Def. Mem."). The primary contention in these sentencing memorandums is whether Defendant's 2005 conviction for Assault with a Deadly Weapon, in violation of California Penal Code § 245(a)(1), constitutes a crime of violence under § 2L1.2(b)(1)(A)(ii) of the United States Sentencing Guidelines (the "Guidelines"). Having considered the parties' submissions, the relevant law, and the record in this case, the Court finds that Defendant's conviction for Assault with a Deadly Weapon does constitute a crime of violence under the Guidelines.

**I.    LEGAL PROVISIONS**

Section 2L1.2(b)(1)(A)(ii) of the Guidelines provides that "[i]f a defendant was deported, or unlawfully remained in the United States after [committing] a crime of violence," the

1

sentencing court must "increase [the defendant's base offense level] by 16 levels." U.S.S.G. § 2L1.2(b)(1)(A)(ii). The Application Notes to this particular provision define a crime of violence as "any . . . offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* cmt. n.1(B)(iii).[1] Finally, with respect to Defendant's conviction for Assault with a Deadly Weapon, California Penal Code § 245(a)(1) states that "[a]ny person who commits an assault upon the person of another with a deadly weapon or instrument other than a firearm shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not exceeding one year, or by a fine not exceeding ten thousand dollars ($10,000), or by both the fine and imprisonment." Cal. Penal Code § 245(a)(1).

## II. ANALYSIS

### A. Overview of Ninth Circuit Precedent in *Grajeda* and *Jiminez-Arzate*

The Ninth Circuit has considered in two published opinions, whether a conviction under California Penal Code § 245(a) constitutes a crime of violence under the Guidelines. In both of these opinions, the Ninth Circuit held in the affirmative.

In *United States v. Grajeda*, 581 F.3d 1186, 1189 (9th Cir. 2009), the Ninth Circuit "conclude[d] that section 245(a)(1) is categorically a crime of violence" under the Guidelines. In reaching this decision, the Ninth Circuit examined both the nature of the force proscribed by California Penal Code § 245(a)(1) and the *mens rea* required to prove a violation of California

---

[1] The Application Notes also state that a conviction for "any of the following offenses under federal, state, or local law: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling" constitutes a crime of violence. U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). The Ninth Circuit has referred to this clause as the "enumerated offense" prong. *United States v. Grajeda*, 581 F.3d 1186, 1189 (9th Cir. 2009). Neither party argues that Defendant's conviction for Assault with a Deadly Weapon constitutes an enumerated offense. Because the Court finds that Defendant's conviction for Assault with a Deadly Weapon "has as an element the use, attempted use, or threatened use of physical force against the person of another," the Court need not address whether Defendant's conviction also falls within the Guidelines' "enumerated offense" prong.

Penal Code § 245(a)(1). *Id.* at 1190–91. As the *Grajeda* court observed, a review of these two issues—the nature of the force proscribed and the *mens rea* required to commit a state crime—is necessary to determine whether a state crime "has as an element the use, attempted use, or threatened use of physical force against the person of another," and is thus a crime of violence under the Guidelines. *Id.*

With respect to the nature of force prong, the Ninth Circuit held in *Grajeda* that "even the 'least touching' with a deadly weapon or instrument . . . is violent in nature and demonstrates at a minimum the threatened use of actual force." *Id.* at 1192 (citation omitted). Thus, "the force required by section 245(a)(1) is sufficiently 'violent in nature' to satisfy the § 2L1.2 crime of violence definition." *Id.*

With respect to the *mens rea* prong, the Ninth Circuit acknowledged that "[t]he *mens rea* required for assault under California law has been the subject of a long, tortured, and ongoing set of explanations in the California courts." *Id.* at 1193. After undertaking a comprehensive review of pertinent case law, the *Grajeda* court ultimately adopted the Ninth Circuit's holding in *United States v. Heron-Salinas*, 566 F.3d 898 (9th Cir. 2009). In *Heron-Salinas*, the Ninth Circuit determined that California Penal Code § 245(a)(2), which proscribes assault with a firearm, satisfies the *mens rea* requirement. *Id.* at 899. As the *Grajeda* court observed, "[t]he *mens rea* element for assault with a firearm under section 245(a)(2) is the same as that required for assault with a deadly weapon under section 245(a)(1)." 581 F.3d at 1196. Accordingly, the *Grajeda* court concluded that, consistent with *Heron-Salinas*, "California Penal Code section 245(a) requires proof of sufficiently intentional conduct to satisfy the *mens rea* requirement for a crime of violence set forth in . . . § 2L1.2" of the Guidelines. *Id.* at 1197. The U.S. Supreme Court denied a petition for writ of certiorari in *Grajeda*. *See Grajeda v. United States*, 562 U.S. 1035 (2010).

Recently, in *United States v. Jimenez-Arzate*, 781 F.3d 1062, 1065 (9th Cir. 2015), the Ninth Circuit reaffirmed its holding in *Grajeda* "that a conviction under § 245(a)(1) is categorically a crime of violence." Specifically, the Ninth Circuit considered and rejected

3

appellant's argument that more recent state and federal case law had "abrogate[d] *Grajeda*." *Id.* at 1064.  Appellant in *Jimenez-Arzate* filed a petition for rehearing en banc, "and no active judge of the [Ninth Circuit] requested a vote on whether to rehear the matter en banc." *Id.*  Accordingly, "the petition for rehearing en banc [was] denied." *Id.*

Numerous unpublished Ninth Circuit decisions have, following *Grajeda*, concluded that "assault with a deadly weapon under California Penal Code § 245(a)(1) is categorically a 'crime of violence' under United States Sentencing Guidelines § 2L1.2(b)(1)(A)(ii)." *United States v. Chavez-Pacheco*, 593 F. App'x 713, 713 (9th Cir. 2015); *United States v. Munoz*, 613 F. App'x 669, 670 (9th Cir. 2015); *United States v. Bahena-Aranda*, 472 F. App'x 699, 700 (9th Cir. 2012).

Moreover, every other circuit court to have confronted the question has held that a conviction under California Penal Code § 245(a)(1) constitutes a crime of violence for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(ii).  *See, e.g.*, *United States v. Sanchez-Ruedas*, 452 F.3d 409, 414 (5th Cir. 2006) ("We hold that Sanchez's prior California conviction pursuant to California Penal Code section 245(a)(1) is a conviction for an offense that is categorically a crime of violence under the relevant definition provided in section 2L1.2 cmt. n. 1(B)(iii) of the Sentencing Guidelines."); *United States v. Pineda-Zetino*, 583 F. App'x 582, 582–83 (8th Cir. 2014) ("[W]e see no plain error in the district court's categorization of the California assault with a deadly weapon statute as a crime of violence."); *United States v. Santos-Santos*, 463 F. App'x 728, 732 (10th Cir. 2011) ("[W]e hold that California Penal Code § 245(a)(1) is a 'crime of violence' under Sentencing Guideline § 2L1.2.2.  We agree with the conclusion of the Ninth Circuit in *Grajeda*.") (footnote omitted).

Finally, most recently, in *Ramirez v. Lynch*, 2016 WL 25481, *1 (9th Cir. Jan. 4, 2016), a decision published on January 4, 2016, the Ninth Circuit, citing *Grajeda*, stated once again that "assault with a deadly weapon in violation of California Penal Code § 245(a)(1) is categorically a crime of violence."  Although the *Ramirez* court considered the crime of violence question not in the context of the Guidelines, but with respect to 18 U.S.C. § 16(a), the Ninth Circuit has

4

repeatedly held that "the relevant definitions under § 16(a) and U.S.S.G. § 2L1.2 are identical." *United States v. Narvaez-Gomez*, 489 F.3d 970, 976 (9th Cir. 2007). *Compare* U.S.S.G. § 2L1.2 cmt. n.1(B)(iii) (defining "crime of violence" as ""any offense . . . that has as an element the use, attempted use, or threatened use of physical force against the person of another."), *with*, 18 U.S.C. § 16(a) (defining "crime of violence" as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another."). Accordingly, decisions that interpret 18 U.S.C. § 16(a) have also been used to interpret U.S.S.G. § 2L1.2, and vice versa. *See Narvaez-Gomez*, 489 F.3d at 976.

In sum, every circuit court to have addressed the issue—including the Ninth Circuit, in two binding, precedential, and unanimous decisions—has held that Assault with a Deadly Weapon, in violation of California Penal Code § 245(a)(1), constitutes a "crime of violence" under U.S.S.G. § 2L1.2.

### B. Defendant's Citation to *Dimaya* is Unavailing

Defendant's arguments to the contrary are unavailing. In Defendant's sentencing memorandum, Defendant argues that "there is no question that . . . *Heron-Salinas* is no longer valid, which means *Grajeda*'s reliance is no longer valid, which means *Jiminez-Arzate*'s reliance is no longer valid." Def. Mem. at 16.

The gist of Defendant's argument is that *Heron-Salinas* did not hold that California Penal Code § 245(a)(1) met U.S.S.G. § 2L1.2's *mens rea* requirement. Instead, *Heron-Salinas* held that California Penal Code § 245(a)(1) met 18 U.S.C. § 16(b)'s *mens rea* requirement. In *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), the Ninth Circuit invalidated 18 U.S.C. § 16(b) as being unconstitutionally vague. Consequently, according to Defendant, because *Heron-Salinas* is no longer good law, then *Grajeda* and *Jiminez-Arzate* are also not good law.

The Court acknowledges that the statutory framework here is complex, and thus takes a moment to review this framework in greater detail. The Immigration and Nationality Act states that persons convicted of an "aggravated felony" are removable, pursuant to 8 U.S.C. §

5
Case No. 15-CR-00110-LHK-1
ORDER REGARDING APPLICATION OF "CRIME OF VIOLENCE" PROVISION TO DEFENDANT'S ASSAULT WITH A DEADLY WEAPON CONVICTION

1227(a)(2)(A)(iii). The Immigration and Nationality Act defines an "aggravated felony" to include "a crime of violence (as defined in *section 16 of Title 18* . . . ) for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F) (emphasis added).

There are two parts to 18 U.S.C. § 16. Section 16(a) defines a "crime of violence" as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." As noted above, because 18 U.S.C. § 16(a) is identical to language in U.S.S.G. § 2L1.2, decisions that interpret 18 U.S.C. § 16(a) have also been used to interpret U.S.S.G. § 2L1.2, and vice versa.

However, 18 U.S.C. § 16(b) defines a crime of violence as "any . . . offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." This is commonly known as the residual clause. The U.S. Supreme Court recently found a similarly-worded residual clause in the Armed Career Criminal Act to be unconstitutional, *see Johnson v. United States*, 135 S. Ct. 2551 (2015), which prompted the Ninth Circuit's decision in *Dimaya*. There is no similarly-worded counterpart to 18 U.S.C. § 16(b) in U.S.S.G. § 2L1.2. Thus, decisions interpreting 18 U.S.C. § 16(b) are of little guidance to courts that must determine the reach and purview of U.S.S.G. § 2L1.2.

Moreover, it is clear that the *Grajeda* court did not read *Heron-Salinas* as only interpreting California Penal Code § 245(a) in the context of 18 U.S.C. § 16(b). In fact, the *Grajeda* court specifically stated that, "[i]n *Heron-Salinas*, we recently held that assault with a firearm under California Penal Code section 245(a)(2) is categorically a crime of violence under 18 U.S.C. § 16(a) *and* 16(b)." 581 F.3d at 1195–96 (emphasis added). The *Grajeda* court further noted that, "[i]n so holding, the *Heron–Salinas* court specifically rejected the argument that California assault does not require the necessary *mens rea* to qualify as a crime of violence." *Id.* at 1196. In other words, the *Grajeda* court read *Heron-Salinas* broadly to hold that California Penal Code § 245(a) is a crime of violence for purposes of U.S.S.G. § 2L1.2. *See Grajeda*, 581 F.3d at 1197 ("*Heron–*

*Salinas* forecloses [the] argument that the *mens rea* in section 245(a)(1) is insufficient to meet the requirements of the § 2L1.2 crime of violence definition. . . .  Accordingly, we hold that assault with a deadly weapon or by means of force likely to produce great bodily injury under section 245(a)(1) is categorically a crime of violence under the element prong of § 2L1.2.").

      The Ninth Circuit's continued reliance on *Grajeda*, including in a published decision in *Jiminez-Arzate* and in *Ramirez* and *Munoz*, two unpublished decisions filed after *Johnson*, further demonstrates that *Grajeda* remains good law.  *See Ramirez*, 2016 WL 25481, *1 ("We have expressly held that assault with a deadly weapon in violation of California Penal Code § 245(a)(1) is categorically a crime of violence as defined in 18 U.S.C. § 16(a)."); *Munoz*, 613 F. App'x at 670 ("Munoz's argument is foreclosed" because "assault with a deadly weapon, in violation of California Penal Code § 245(a)(1), is categorically a crime of violence.") (internal quotation marks omitted).

      Again, the Court emphasizes that *Dimaya* has no bearing on the instant case.  Here, the Government does not contend that Defendant's conviction for assault with a deadly weapon falls under the residual clause.  Indeed, Section 2L1.2(b)(1)(A)(ii) of the Guidelines does not even contain a residual clause.  Accordingly, because *Dimaya* was concerned with applying a different clause in a different statute to a different state crime, the Court finds Defendant's reliance on *Dimaya* unavailing.  Instead, pursuant to *Grajeda*, *Jiminez-Arzate*, *Ramirez*, and the numerous other federal court decisions cited above, the Court finds that Defendant's conviction for assault with a deadly weapon constitutes a crime of violence for purposes of Section 2L1.2(b)(1)(A)(ii) of the Guidelines.

**IT IS SO ORDERED.**

Dated:  March 8, 2016

                                                            *Lucy H. Koh*
                                                          LUCY H. KOH
                                                          United States District Judge

Case No. 15-CR-00110-LHK-1
ORDER REGARDING APPLICATION OF "CRIME OF VIOLENCE" PROVISION TO DEFENDANT'S ASSAULT WITH A DEADLY WEAPON CONVICTION